UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

SRMS PROPERTIES LLC and SRMS RESTAURANTS INC d/b/a ORLEANS BISTRO AND BAR,
    Defendants.

# COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, SRMS PROPERTIES LLC and SRMS RESTAURANTS INC d/b/a ORLEANS BISTRO AND BAR (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. The subject property is a bistro and bar located on or about 2204 S. Washington Avenue, Titusville FL 32780 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues throughout Florida including a son who is a minor league baseball athlete in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Defendant, SRMS PROPERTIES LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Brevard Property Appraiser's Office, Defendant, SRMS PROPERTIES LLC, is the owner and/or operator/manager of the real

property located on or 2204 S. Washington Avenue, Titusville FL 32780 (hereinafter the "Subject Premises").  This is the building where the Subject Premises is located.

9. Defendant, SRMS RESTAURANTS INC, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Brevard Tax Collector's Office/Florida Department of Business and Professional Regulation, the Defendant, SRMS RESTAURANTS INC, was licensed on September 3, 2015 to provide Permanent Food Service and Seating and occupies 2204 S. Washington Avenue, Titusville FL 32780 as a bistro and bar known as "ORLEANS BISTRO AND BAR".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff most recently visited the Subject Premises on or about January 9, 2023 to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17.  As a result, Plaintiff has been denied

access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Exterior Accessible Routes

> a. The restaurant does not provide at least one accessible route of travel from the public way and accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

### Accessible Parking

    **b.** The accessible parking stalls signage are mounted below the minimum height allowance making it difficult for the plaintiff to identify that accessible parking. Violation: Parking spaces complying with §502 shall be identified by signs as required by §216.5. Identification signs shall be 60 inches minimum above of Accessibility (ISA) complying with 703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide identification signage including the International Symbol of Accessibility (ISA) according to §502.6 of the 2010 ADA Standards. Estimated Cost: 250.00/each. The removal of this barrier is readily achievable as this barrier is cited in §502.6 of the 2010 ADA Standards. Parking. Identification.

### Dining Area

    **c.** The bar dining surfaces do not provide at least 5% of compliant seating at a lowered section of the bar or an alternate table making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5% of the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables and lower the section of the bar surface to a compliant

    height as required by §226.1 and §902.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902.3 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

**<u>Men's Public Restroom</u>**

    **d.** The men's restroom is missing the International Symbol of Accessibility (ISA) signage making it difficult for the plaintiff to locate the accessible restroom. Violation: Where existing toilet or bathing rooms do not comply with §603, directional signage indicating the location of the nearest toilet room or bathing room complying with §603 within the facility shall be provided. Signs shall comply with §703.5 and shall include the International Symbol of Accessibility complying with §703.7.2.1 as specified in §216.8 of the 2010 ADA Standards. Recommendation: Wall signs identifying permanent rooms and spaces of a building shall be in a horizontal format and the characters raised 1/32 inch minimum and shall be sans serif uppercase characters a minimum of 5/8 inch and a maximum of 2 inches high. Contracted Grade 2 Braille shall be in a horizontal format and shall be placed a minimum of 3/8 inch and a maximum of 1/2 inch directly below the tactile

characters; flush left or centered. Signs with raised characters or Braille shall be located 48 inches minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character. Estimated Cost: $50. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.8 of the 2010 ADA Standards. Means of Egress, Toilet and Bathing Rooms, Signs.

e.  The plaintiff had difficulty exiting the men's restroom due to the 18 inches of maneuvering clearance measured parallel to doorway being obstructed by the trash can. Violation: Maneuvering clearances at doors and gates shall comply with §404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance pursuant to §404.2.4 and §404.2.4.1 of the 2010 ADA Standards. Recommendation: Relocate the trash can to a compliant location. Estimated Cost: Less than $25. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §404.2.4 and

§404.2.4.1 of the 2010 ADA Standards. Doors, Doorways, and Gates.

f.  The plaintiff had to use caution when utilizing the lavatory due to the drainpipe not having wrap to the top and exposing abrasive edge and one water supply line underneath the lavatory being exposed and in need of insulation. Violation: Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks as required by §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed drainpipe and all the way up so that all abrasive parts are wrapped and both water supply lines as required. Estimated Cost: $50.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of the 2010 ADA Standards. Lavatories. Exposed Pipes and Surfaces.

g.  The lavatory's bowl obstructs the required knee clearance making it difficult for the plaintiff to utilize. Violation: A clear floor space complying with §305, positioned for a forward approach, and knee clearance with §306 shall be provided as required in §606.2, and §306.3 of the 2010 ADA Standards.

    Recommendation: Provide a lavatory with compliant clear floor space positioned for a forward approach with knee clearance as required by §606.2, and §306.3. Estimated Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.2, and §306.3 of the 2010 ADA Standards. Lavatories and Sinks, Knee Clearance.

  **h.** The plaintiff had difficulty entering and exiting the toilet compartment stall because there is no door pull on the inside of the stall door. Violation: A door pull complying with 404.2.7 shall be placed on both sides of the toilet compartment door near the latch as required in §604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handle door pulls on both sides of the stall door 34 inches minimum and 48 inches maximum above the finish floor. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8.1.2 of the 2010 ADA Standards. Toilet Compartments. Doors.

  **i.** The men's restroom does not provide a compliant wheelchair accessible compartment making it difficult for the plaintiff to utilize the restroom. Violation: Where toilet compartments are

provided, at least one toilet compartment shall comply with §604.8.1. In addition to the compartment required to comply with §604.8.1.1, at least one compartment shall comply with §604.8.2 where six or more toilet compartments are provided, or where the combination of urinals and water closets totals six or more fixtures as stated in §213.3.1 of the 2010 ADA Standards. Recommendation: Provide a wheelchair accessible compartment to be 60 inches wide minimum measured perpendicular to the side wall, and 56 inches deep minimum for a wall hung water closet and 59 inches deep minimum for floor mounted water closets measured perpendicular to the rear wall. Estimated Cost: $5,000.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §213.3.1, and §604.8.1.1 of the 2010 ADA Standards. Toilet Facilities and Bathing Facilities, Water Closets and Toilet Compartments.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and

carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**20.** The ADA defines "readily achievable" as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

**21.** Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on September 3, 2015, Plaintiff asserts that said ADA

violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

22. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

23. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

24. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

25. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

26. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

27. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

28. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

29. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the

extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg (FBN: 34083)
*Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net